IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANTHONY BALL, Plaintiff, v. MICHAEL J. ASTRUE, Commissioner of Social Security, Defendant. | No. CV-09-764-HU OPINION & ORDER |

Tim Wilborn
WILBORN LAW OFFICE, P.C.
P.O. Box 2768
Oregon City, Oregon 97045

 Attorney for Plaintiff

Dwight C. Holton
ACTING UNITED STATES ATTORNEY
District of Oregon
Adrian L. Brown
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

/ / /

/ / /

/ / /

/ / /

1 - OPINION & ORDER

Kathryn A. Miller
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, Washington 98104-7075

    Attorneys for Defendant

HUBEL, Magistrate Judge:

    Plaintiff Anthony Ball brought an action for judicial review of the Commissioner's final decision to deny disability insurance benefits (DIB). All parties have consented to entry of final judgment by a Magistrate Judge in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). On August 27, 2010, this Court issued a Judgment reversing the Commissioner and remanding the case for additional proceedings.

    Plaintiff now seeks attorney's fees pursuant to the Equal Access to Judgment Act, 28 U.S.C. § 2412 (EAJA). The parties have stipulated to an EAJA fee award of $7,499.99, compensating plaintiff's counsel for some, but not all, of the time spent on the case. The parties also stipulate to an award of $350 in costs, representing the court filing fee. I grant the motion and award EAJA fees in the amount stipulated to by the parties.

    EAJA requires an award of attorney's fees to prevailing parties in civil actions against the United States unless the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). Plaintiff was the prevailing party. I construe defendant's stipulation to the fee motion as a concession that the government's position was not substantially justified.

    The court exercises discretion in awarding fees under EAJA. See <u>Rodriguez v. United States</u>, 542 F.3d 704, 709 (9th Cir. 2008)

2 - OPINION & ORDER

(court of appeals reviews district court award of fees under EAJA for abuse of discretion); see also Webb v. Ada County, 195 F.3d 524, 527 (9th Cir. 1999) (district court possesses "considerable discretion" in determining the reasonableness of a fee award). The fee award is a combination of the number of hours reasonably worked, multiplied by a reasonable hourly rate.

Plaintiff's counsel spent 73 hours on this case. As Judge Mosman noted in a 2007 opinion, "[t]here is some consensus among the district courts that 20-40 hours is a reasonable amount of time to spend on a social security case that does not present particular difficulty." Harden v. Commissioner, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007) (citing cases). Judge Mosman agreed that absent unusual circumstances or complexity, "this range provides an accurate framework for measuring whether the amount of time counsel spent is reasonable." Id. at 1216.

At more than 1500 pages, the Administrative Record in this case was exceptionally long. Plaintiff's counsel filed a thirty-five page opening memorandum, and a twenty-nine page reply memorandum. The case involved the issue of whether certain determinations previously made by Judge Marsh, precluded reexamination of the issues again, either under a "law of the case" theory or under the doctrine of issue preclusion. Additionally, although, aside from the reexamination issue, no other single issue was legally or factually complex, plaintiff raised several, discrete arguments regarding the Administrative Law Judge's (ALJ) decision in the case. Plaintiff challenged findings at step three, challenged the ALJ's treatment of, or failure to treat, four separate lay witnesses, challenged the treatment of two different

3 - OPINION & ORDER

medical practitioners, and raised several independent arguments regarding the vocational expert's testimony.

While the hours spent are well above the range identified by Judge Mosman as reasonable, this case presented the unusual combined circumstances of a very long record, a somewhat unique legal issue, and several discrete alleged errors. Importantly, based on the current EAJA rate, explained below, the stipulated fee award of $7,499.99 equals compensation for approximately 43 hours, just above the reasonable range suggested by Judge Mosman. The award is reasonable.

EAJA sets a ceiling of $125 per hour "unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). To adjust for the cost of living, the Ninth Circuit applies the consumer price index for all urban consumers (CPI-U). Jones v. Espy, 10 F.3d 690, 692-93 (9th Cir. 1993) (CPI-U for all items, not just legal services, applies). The CPI-U for October 2010 (the most recent month for which information is available) is 218.711 (table available at: http://www.bls.gov/news.release/cpi.t03.htm). The adjusted hourly rate is $175.58. See Ramon-Sepulveda v. INS, 863 F.2d 1458, 1463 n.4 (9th Cir. 1988) (explaining formula as EAJA ceiling (presently $125/hour), x the CPI-U for current month/CPI-U for month Congress adopted current ceiling. 155.7 is the CPI-U for March 1996, the month Congress adopted the $125/hour rate).

If all 73 hours were to be compensated, the EAJA fee award would be $12,817.34 at the adjusted hourly rate of $175.58. Here, with the stipulated amount of $7,499.99, the number of compensated hours is 42.71.

4 - OPINION & ORDER

Plaintiff also seeks $350 for the court filing fee.  Under EAJA, a prevailing party is entitled to recover costs as enumerated in 28 U.S.C. § 1920.  28 U.S.C. § 2412(a)(1).  Section 1920 allows recovery for the filing fee.  28 U.S.C. § 1920(1).

## CONCLUSION

Plaintiff's motion for EAJA fees [17] is granted.  Plaintiff is awarded $7,499.99 in fees, and $350 in costs for a total award of $7,849.99.

IT IS SO ORDERED.

Dated this 18th  day of January, 2011.


/s/ Dennis J. Hubel
_____
Dennis James Hubel
United States Magistrate Judge

5 - OPINION & ORDER